Henry HALE, Plaintiff-Appellant,

v.

COTTON PETROLEUM CORPORA-
TION, Defendant-Appellee.

No. 85–1776.

United States Court of Appeals,
Fifth Circuit.

Aug. 4, 1986.

Robert D. Lemon, Lemon, Close, Shearer, Ehrlich & Brown, Perryton, Tex., for plaintiff-appellant.

Pat Pirtle, Ronald D. Nickum, Amarillo, Tex., for defendant-appellee.

Before GEE, RANDALL and DAVIS, Circuit Judges.

GEE, Circuit Judge:

Henry Hale appeals from the district court's order of judgment for defendant and counterclaimant Cotton Petroleum Corp. after a trial to the jury. We affirm.

## I.

During the early 1970's, Oscar Flowers and Eloise Flowers, his wife, owned the oil, gas, and mineral interests in two tracts of land in Ochiltree County, Texas. Henry Hale ("Hale"), their son-in-law, lived and farmed on one of these tracts. In May 1974, the Flowers leased their oil, gas, and mineral interests in the two tracts to the predecessor in interest of Cotton Petroleum Corp. ("Cotton"). The lease agreement had a domestic use clause authorizing the lessor to use gas from any gas well on the lease. This right was free of charge but for the limited purpose of operating stoves and inside lights in the principal dwelling on the leased acreage. Another lease provision authorized the lessor to take a gas royalty in lieu of a money royalty on any well, provided that the gas was used for irrigation purposes only.

In early 1975, Cotton completed two wells on the lease. The first of these, the Flowers No. 1 well, was completed in January 1975 and was an oil well that produced a limited quantity of casinghead gas. Because Cotton had no market for the limited gas production, Cotton flared the gas. Cotton continued flaring the gas until mid-July when the well was shut in to comply with Texas Railroad Commission rules on excessive waste of casinghead gas. Cotton began selling gas from this well and from a subsequently completed gas well several weeks later.

In April 1975, while gas from the Flowers No. 1 well was still being flared off so oil production could continue, Henry Hale entered into an oral agreement with Jim Cooper, Cotton's Area Superintendent. The jury found that, under the terms of the agreement, Hale could take gas from the Flowers No. 1 well "for any use on the premises he desired, for the life of the oil and gas lease, at no cost to him." Relying on this agreement, Hale constructed an underground pipeline that ran southwesterly about 1,800 feet from Cotton's tank battery to an irrigation well and then southeasterly another 2,000 feet from the irrigation well to Hale's residence. Hale used the gas to operate his irrigation pump and for domestic purposes. This use continued until July 1983 when Cotton terminated Hale's supply.

After Cotton terminated Hale's supply of free gas, Hale filed this action in state district court alleging breach of an oral contract and seeking restoration of the gas supply. Cotton removed the action to federal district court and counterclaimed for the value of the gas that Hale had used. A jury found that Hale and Cooper did have an oral agreement allowing Hale to take the gas, free of charge, for any use; but the jury also found that Cooper lacked apparent authority to make such an agreement for Cotton. The jury further found that Cotton did not ratify the agreement, that the agreement was not supported by adequate consideration, and that the value of the gas Hale had used was $5,780. The district court entered judgment against Hale and awarded Cotton $5,780. Following entry of judgment, Hale moved for judgment notwithstanding the verdict. The court denied that motion.

On appeal, Hale raises issues addressing the denial of his motion for judgment notwithstanding the verdict and the jury's findings on apparent authority, ratification of the Hale-Cooper agreement, and adequacy of the consideration. In its appellee's brief, Cotton challenges the district court's failure to award it attorney's fees in the event of a successful appeal. While the issues that Hale presents are properly before us, Cotton's issue is not because Cotton failed to file a notice of appeal. Fed.R. App.P. 3(a).

## II.

▮ Hale argued in his original brief on appeal that the district court erred in

denying his motion for judgment notwithstanding the verdict. As the parties recognized by the time of oral argument, this issue is beyond challenge on appeal because Hale failed to move for a directed verdict at the close of all evidence. 5 A Moore's Federal Practice § 50.08 at 50–74. This failure also means that appellate review of the evidence supporting the jury's verdict is limited to the plain error rule—whether there was a manifest miscarriage of justice or whether there is any evidence to support the verdict. *Ramada Development Co. v. Rauch*, 644 F.2d 1097, 1102 (5th Cir.1981).

Hale argues on appeal that there is no evidence to support the jury's finding on Cooper's lack of apparent authority to enter into the oral agreement authorizing Hale's free, indefinite, and unrestricted use of gas. "A prerequisite to a proper finding of apparent authority is evidence of conduct by the principal relied upon by the party asserting the estoppel defense which would lead a reasonably prudent person to believe an agent had authority to act." *Ames v. Great Southern Bank*, 672 S.W.2d 447, 450 (Tex.1984) (citations omitted). Here, the contract between the Flowers and Cotton's predecessor in interest does not authorize the terms of the oral agreement. Moreover, Cotton had title to the gas, not Cooper. Evidence was also introduced to the effect that Cooper was not a salesman; he had no power to execute gas sales contracts or to give away gas. While we might reach a different result under another standard of review, under the plain error rule we must disagree with Hale: There is evidence to support the jury's finding that Cooper lacked apparent authority to enter into the oral agreement with Hale.

We also reject Hale's argument that there is no evidence to support the jury's further finding that Cotton did not ratify the oral agreement between Hale and Cooper. A principal can ratify the unauthorized acts of his agent expressly or by implication, provided that the principal has full knowledge of all material facts concerning the unauthorized act. *Bellefonte Underwriters Ins. Co. v. Brown*, 663 S.W.2d 562, 580 (Tex.App.—Houston [14th Dist.] 1983), *rev'd in part on other grounds*, 704 S.W.2d 742 (Tex.1986). In today's case, Cooper testified that when he called Cotton's headquarters to check on Hale's request, he confined his question to whether the Flowers' lease had a domestic use clause. He did not advise Cotton that the gas would be used for irrigation purposes. This is evidence that Cotton did not have full knowledge of all material facts concerning the terms of the oral agreement. Under the plain error rule, Hale's challenge to the jury finding on ratification fails.

### III.

Our determination that under the plain error rule there is evidence to support the jury's findings on apparent authority and ratification means that we must affirm regardless of whether there is any evidence to support the jury's finding of inadequate consideration. The district court's order of judgment is therefore

AFFIRMED.